UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SABAL TRAIL TRANSMISSION, LLC,**

    Plaintiff,

v.                                          Case No: 5:16-cv-215-Oc-CEMPRL

**4.51 ACRES OF LAND IN SUMTER COUNTY FLORIDA, CELESTINO RUIZ, GUSTAVO RUIZ, OCTAVIO RUIZ, DIANE K. ROSENQUIST-KING, CECIL C. KING and UNKNOWN OWNERS**

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's motion for entry of clerk's default against Defendants Diane K. Rosenquist-King and Cecil C. King. (Doc. 41). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

With respect to Diane K. Rosenquest-King, a review of the return of service (Doc. 17), shows that she was personally served. *See* Fla. Stat. § 48.031(a) (service on an individual may be had "by delivering a copy of it to the person to be served … or by leaving the copies at his or her

usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.").

As to Cecil C. King, the return of service shows that substitute service was effected on Diana Kay Rosenquest-King. (Doc. 18). Pursuant to Florida law, substitute service may be made "on the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling." *Id.* "[B]ecause statutes authorizing substituted service are exceptions to the general rule requiring a defendant to be served personally, due process requires strict compliance with their statutory requirements." *Torres v. Arnco Constr., Inc.,* 867 So.2d 583, 586 (Fla. 5th DCA 2004); *see also*, *Young Spring Wire Corporation v. Smith,* 176 So.2d 903 (Fla. 1965) (explaining that statutes that provide for substituted service must be strictly construed, and the party seeking to effect substituted service has the burden of clearly justifying its applicability). Here, Plaintiff has failed to establish that the spouses are "residing together in the same dwelling" and that Mrs. Rosenquest-King requested such service.

Accordingly, the motion for entry of clerk's default is **GRANTED** as to Diane K. Rosenquest-King and **DENIED** without prejudice as to Cecil C. King.

**DONE** and **ORDERED** in Ocala, Florida on July 19, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties